# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEON F. CAMPBELL, | Case No.: 2:10-cv-02169-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Compel Arbitration–#5) |
| NEVADA PROPERTY 1 LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

Before the Court is Defendant Nevada Property 1 LLC's **Motion to Compel Arbitration** (#5, filed Mar. 10, 2011). The Court has also considered Plaintiff Leon F. Campbell's Opposition (#6, filed Mar. 21, 2011), and Defendant's Reply (#7, filed June 17, 2011).

**BACKGROUND**

This dispute arises out of Campbell's purchase of a condominium at The Cosmopolitan in Las Vegas, Nevada in 2005. (Dkt. #1, Compl. ¶ 5). As part of the transaction, Campbell signed the "Condominium Unit Purchase and Sale Agreement, The Cosmopolitan" ("Purchase Agreement"). (Dkt. #5, Ex. A). The Purchase Agreement included a mandatory arbitration clause. (Purchase Agreement ¶ 24.10). In November 2010, Campbell sent a notice to

AO 72
(Rev. 8/82)

Defendant stating that he rescinded the Purchase Agreement based on ¶ 17.2 of the Purchase Agreement. Campbell subsequently filed this suit seeking declaratory relief.

Now before the Court is Defendant's motion to compel arbitration. For the reasons discussed below, the Court grants the motion.

**DISCUSSION**

Nevada law recognizes that "strong public policy favors arbitration because arbitration generally avoids the higher costs and longer time periods associated with traditional litigation." *D.R. Horton v. Green*, 96 P.3d 1159, 1162 (Nev. 2004). Despite this policy in favor of arbitration, parties cannot be forced to arbitrate unless they have agreed to do so. *See, e.g., AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648–49 (1986). Furthermore, the authority of arbitrators to decide a dispute is derived exclusively from the agreement of the parties to arbitrate. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). Essentially, arbitration provisions are a matter of contract between parties, and it is, therefore, for the court to decide whether the parties are bound by a specific arbitration provision. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (stating "a gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for the court to decide") (internal citation omitted). The arbitrability of a particular dispute is a threshold issue to be determined by the court. *Id.* at 83 (stating "the question of whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise") (internal citation omitted); *AT&T Techs.*, 475 U.S. at 649.

Here, Campbell does not contest the validity of the arbitration provision itself, but rather contends that the arbitration provision is no longer in effect because he rescinded the contract. However, "'Nevada courts resolve all doubts concerning the arbitrability of the subject matter of a dispute in favor of arbitration.'" *Int'l Ass'n of Firefighters, Local No. 1285 v. City of Las Vegas*, 929 P.2d 954, 957 (Nev. 1996) (quoting *Int'l Assoc. Firefighters v. City of Las Vegas*, 764 P.2d 478, 480 (Nev. 1988)). Here, Plaintiff merely contends that he should not have to submit

1  to arbitration because he exercised his rights under the Purchase Agreement to rescind it, and,

2  therefore, the arbitration provision in no longer in effect.  However, in order to assert this right and

3  ability to rescind the Purchase Agreement, Campbell relies on the Purchase Agreement itself, not

4  some underlying fraud or other act that would void the Purchase Agreement.  *See* NRS 38.219; *see*

5  *also Phillips v. Parker*, 794 P.2d 716, 718 (Nev. 1990) (a party "may not rely on the agreement

6  [for one purpose] and simultaneously disavow the applicability of the arbitration clause.")  Thus, it

7  is for an arbitrator to determine if the Purchase Agreement was properly rescinded since the

8  dispute as to whether Campbell could rescind the Purchase Agreement arises from the Purchase

9  Agreement itself.  NRS 38.219 ("An arbitrator shall decide ... whether a contract containing a valid

10 agreement [to arbitrate] is enforceable.")  Simply stated, Campbell cannot avoid arbitration by

11 simply asserting that he has rescinded the Purchase Agreement or all arbitration agreements would

12 be subject to this tactic.  *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 50 (1st Cir. 2002)

13 ("the mere assertion of the right of rescission does not undo the obligation to take the rescission

14 claim to arbitration.")  Accordingly, the Court grants Defendant's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration (#5) is GRANTED.  The Parties are ordered to submit this dispute to arbitration as provided by Purchase Agreement.

Dated: October 18, 2011.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)