# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEON F. CAMPBELL, | Case No.: 2:10-cv-02169-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Compel Arbitration–#5) |
| NEVADA PROPERTY 1 LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

Before the Court is Defendant Nevada Property 1 LLC's **Motion to Compel Arbitration** (#5, filed Mar. 10, 2011). The Court has also considered Plaintiff Leon F. Campbell's Opposition (#6, filed Mar. 21, 2011), and Defendant's Reply (#7, filed June 17, 2011).

**BACKGROUND**

This dispute arises out of Campbell's purchase of a condominium at The Cosmopolitan in Las Vegas, Nevada in 2005. (Dkt. #1, Compl. ¶ 5). As part of the transaction, Campbell signed the "Condominium Unit Purchase and Sale Agreement, The Cosmopolitan" ("Purchase Agreement"). (Dkt. #5, Ex. A). The Purchase Agreement included a mandatory arbitration clause. (Purchase Agreement ¶ 24.10). In November 2010, Campbell sent a notice to

1  Defendant stating that he rescinded the Purchase Agreement based on ¶ 17.2 of the Purchase
2  Agreement. Campbell subsequently filed this suit seeking declaratory relief.
3        Now before the Court is Defendant's motion to compel arbitration. For the reasons
4  discussed below, the Court grants the motion.

## DISCUSSION

6        Nevada law recognizes that "strong public policy favors arbitration because
7  arbitration generally avoids the higher costs and longer time periods associated with traditional
8  litigation." *D.R. Horton v. Green*, 96 P.3d 1159, 1162 (Nev. 2004). Despite this policy in favor of
9  arbitration, parties cannot be forced to arbitrate unless they have agreed to do so. *See, e.g., AT&T
10 Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648–49 (1986). Furthermore, the authority of
11 arbitrators to decide a dispute is derived exclusively from the agreement of the parties to arbitrate.
12 *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). Essentially, arbitration provisions are a
13 matter of contract between parties, and it is, therefore, for the court to decide whether the parties
14 are bound by a specific arbitration provision. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79,
15 84 (2002) (stating "a gateway dispute about whether the parties are bound by a given arbitration
16 clause raises a question of arbitrability for the court to decide") (internal citation omitted). The
17 arbitrability of a particular dispute is a threshold issue to be determined by the court. *Id.* at 83
18 (stating "the question of whether the parties have submitted a particular dispute to arbitration, i.e.,
19 the question of arbitrability, is an issue for judicial determination unless the parties clearly and
20 unmistakably provide otherwise") (internal citation omitted); *AT&T Techs.*, 475 U.S. at 649.
21       Here, Campbell does not contest the validity of the arbitration provision itself, but
22 rather contends that the arbitration provision is no longer in effect because he rescinded the
23 contract. However, "'Nevada courts resolve all doubts concerning the arbitrability of the subject
24 matter of a dispute in favor of arbitration.'" *Int'l Ass'n of Firefighters, Local No. 1285 v. City of
25 Las Vegas*, 929 P.2d 954, 957 (Nev. 1996) (quoting *Int'l Assoc. Firefighters v. City of Las Vegas*,
26 764 P.2d 478, 480 (Nev. 1988)). Here, Plaintiff merely contends that he should not have to submit

to arbitration because he exercised his rights under the Purchase Agreement to rescind it, and, therefore, the arbitration provision in no longer in effect.  However, in order to assert this right and ability to rescind the Purchase Agreement, Campbell relies on the Purchase Agreement itself, not some underlying fraud or other act that would void the Purchase Agreement.  *See* NRS 38.219; *see also Phillips v. Parker*, 794 P.2d 716, 718 (Nev. 1990) (a party "may not rely on the agreement [for one purpose] and simultaneously disavow the applicability of the arbitration clause.")  Thus, it is for an arbitrator to determine if the Purchase Agreement was properly rescinded since the dispute as to whether Campbell could rescind the Purchase Agreement arises from the Purchase Agreement itself.  NRS 38.219 ("An arbitrator shall decide ... whether a contract containing a valid agreement [to arbitrate] is enforceable.")  Simply stated, Campbell cannot avoid arbitration by simply asserting that he has rescinded the Purchase Agreement or all arbitration agreements would be subject to this tactic.  *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 50 (1st Cir. 2002) ("the mere assertion of the right of rescission does not undo the obligation to take the rescission claim to arbitration.")  Accordingly, the Court grants Defendant's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration (#5) is GRANTED.  The Parties are ordered to submit this dispute to arbitration as provided by Purchase Agreement.

Dated: October 18, 2011.

_____
ROGER L. HUNT
United States District Judge