**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| LEON E. CAMPBELL, | ) | |
| Plaintiff(s), | ) | Case No. 2:10-cv-2169-RLH-PAL |
| vs. | ) | **O R D E R** |
| NEVADA PROPERTY 1, LLC, | ) | (Motion to Reconsider–#9) |
| Defendant(s). | ) | |

Before the Court is Plaintiff's **Motion for Reconsideration of Order** (#9, filed November 1, 2011). Defendant filed a Response (#14) on November 17, 2011. No Reply has been filed. Additionally, Plaintiff, an attorney filing this case *Pro Se*, has asked the Court by letter to expedite its decision on this motion because the Ninth Circuit Court of Appeals dismissed his appeal of the motion for lack of jurisdiction because the order compelling arbitration was not "final or appealable." He is under the mistaken belief, notwithstanding his reported decades of the practice of law, that a decision on his Motion for Reconsideration would make it a final and appealable order. He apparently did not read all of the Circuit's short Order in which it cited *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (district court order staying judicial proceedings and compelling arbitration is not appealable). Accordingly, this Order, denying his motion for reconsideration, will not provide the "final judgment" he refers to in his letter, nor will it change the requirement that he submit the matter to arbitration.

1

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Plaintiff's Motion for Reconsideration is a meritless effort to get a second bite at the apple. No new argument is made that was not, or could not have been made in the moving papers of the original motion.

IT IS THEREFORE ORDERED that Plaintiff's **Motion for Reconsideration of Order** (#9) is DENIED.

Dated: January 3, 2012.

_____
**Roger L. Hunt**
**United States District Judge**